UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LUIS HERNANDEZ-DIAZ,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>Defendant. | Civil No. 22-2302 (JRT/JFD)<br><br>**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Andrew John Ratelle, 5521 Valley Lane, Edina, MN, 55439, for Plaintiff.

Jeremy Thompson, **GORDON REES SCULLY MANSUKHANI, LLP**, 100 South Fifth Street, Suite 1900, Minneapolis, MN 55402, for Defendant.

Plaintiff Luis Hernandez-Diaz filed a complaint against Equifax Information Services, LLC ("Equifax") claiming violations of six provisions of the Fair Credit Reporting Act ("FCRA"). Equifax removed the case to federal court pursuant to 28 U.S.C. § 1446(a), and subsequently moved to dismiss all claims. Hernandez-Diaz failed to respond to Equifax's Motion to Dismiss. Because the Court concludes that Hernandez-Diaz did not plead sufficient factual allegations and failed to respond, the Court will grant Equifax's motion.

**BACKGROUND**

Hernandez-Diaz pleaded the following facts in his complaint. (Notice of Removal, Ex. A ("Compl."), Sept. 21, 2022, Docket No. 3.) Equifax is a company that prepares and

issues consumer reports on behalf of individuals such as Hernandez-Diaz. (*Id.* ¶¶ 5, 6.) Hernandez-Diaz claims that these consumer reports contained false and inaccurate information about him, which presumably damaged his credit score. (*Id.* ¶ 6.) Potential lenders reviewed Equifax's consumer reports on Hernandez-Diaz that contained the false and inaccurate information, which caused Hernandez-Diaz to receive limited access to credit. (*Id.* ¶¶ 11, 12.)

Hernandez-Diaz notified Equifax of these inaccuracies on June 22, 2021, November 17, 2021, and again on March 23, 2022, via certified mail. (*Id.* ¶ 8.) He received no response from Equifax to any of these communications, and Equifax did not delete the inaccurate or false information. (*Id.* ¶ 10.)

As a result of this inaccurate information and Equifax's failure to respond and remedy the reports, Hernandez-Diaz claims he suffered emotional distress, anger, frustration, humiliation, anxiety, fear, worry, and related health problems, as well as violations of his rights to information and privacy. (*Id.* ¶¶ 12, 13.)

On August 5, 2022, Hernandez-Diaz filed a complaint against Equifax in a Minnesota state court claiming violations of six FCRA provisions: 15 U.S.C. §§ 1681c(a), 1681c-1, 1681c-2, 1681e(b), 1681g, and 1681i. (*See generally* Compl.) Equifax removed the action to federal court pursuant to 28 U.S.C. § 1446(a). (Notice of Removal, Sept. 21, 2022, Docket No. 3.) Equifax then filed this Rule 12(b)(6) Motion to Dismiss. (Mot.

Dismiss, Oct. 12, 2022, Docket No. 8.) Hernandez-Diaz failed to respond to the present Motion to Dismiss and failed to communicate further with the Court.

**DISCUSSION**

**I.   STANDARD OF REVIEW**

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court considers all facts alleged in the complaint as true to determine if the complaint states a "claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). At the motion to dismiss stage, the Court may consider the allegations in the complaint as well as "those materials that are necessarily embraced by the pleadings." *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court construes the complaint in the light most favorable to the plaintiff, drawing all inferences in the plaintiff's favor. *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). Although the Court accepts the complaint's factual allegations as true and construes the complaint in a light most favorable to the plaintiff, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). In other words, a complaint "does not need detailed factual allegations" but must include more "than labels and

conclusions, and a formulaic recitation of the elements" to meet the plausibility standard. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## II.  ANALYSIS.

As a preliminary matter, the Court interprets a failure to respond to a motion to dismiss as a waiver and voluntary dismissal of those claims. *See Zimmerschied v. JP Morgan Chase Bank, N.A.*, 49 F. Supp. 3d 583, 590–91 (D. Minn. 2014). Hernandez-Diaz failed to respond to Equifax's Motion to Dismiss. Accordingly, the Court must dismiss Hernandez-Diaz's complaint under Rule 12(b)(6). However, for the sake of completeness, the Court will also consider Equifax's motion on the merits.

Hernandez-Diaz asserts violations of six FCRA provisions: 15 U.S.C. §§ 1681c(a), 1681c-1, 1681c-2, 1681e(b), 1681g, 1681i. In light of the FCRA's overarching accuracy and fairness goals, § 1681e(b) requires consumer reporting agencies to "follow reasonable procedures to assure maximum possible accuracy." 15 U.S.C. §§ 1681(a), 1681e(b). In turn, § 1681i requires consumer reporting agencies conduct a "reasonable reinvestigation" when a consumer disputes information. 15 U.S.C. § 1681i(a)(1)(A).

The threshold question for claims brought under §§ 1681e(b) and 1681i is whether something in a consumer report is inaccurate. *See Desautel v. Experian Information Solution, LLC*, No. 19-2836, 2020 WL 2215736, at *4 (D. Minn. May 7, 2020) ("Courts have repeatedly held that, to recover from a CRA under § 1681i(a)(1)(A), the consumer must (1) point to an item of information contained in the CRA's file and (2) prove that the item

of information is inaccurate."). While Hernandez-Diaz alleges the consumer reports produced by Equifax included false and inaccurate information, the complaint provides no specifics as to what information or which reports were false or inaccurate. (Compl. ¶¶ 6, 11.) Hernandez-Diaz describes disputing the "alleged debt" but gives no further information about this or any other debt. (*Id.* ¶ 7.) Just mentioning an alleged debt does not provide sufficient information to infer inaccuracies. General proclamations of inaccuracies without specific factual allegations results in legal conclusions and is insufficient to survive a motion to dismiss. *Twombly*, 550 U.S. at 555.

Hernandez-Diaz's other claims under §§ 1681c(a), 1681c-1, 1681c-2, and 1681g similarly do not allege any factual support. These FRCA sections provide a remedy for removal of obsolete information (§ 1681c(a)); procedures for notice of fraud alerts (§ 1681c-1); blocking accounts in response to notification of suspected fraud (§ 1681c-2); and disclosure of consumer report contents upon request (§ 1681g). 15 U.S.C. §§ 1681c(a), 1681c-1, 1681c-2, 1681g. Hernandez-Diaz pleads no information suggesting what, if any, information in his credit report is obsolete. Moreover, the communications Hernandez-Diaz sent to Equifax relate only to disputed information in the consumer report—there are no facts suggesting fraud. (Compl. ¶¶ 7–8.) There are also no requests for the contents of any consumer reports. Accordingly, Hernandez-Diaz has failed to provide any factual basis for a claim arising under any of the FRCA provisions he identified

in his complaint. Without any factual allegations, these claims cannot survive a motion to dismiss.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [Docket No. 8] is **GRANTED**. The case is dismissed without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: February 15, 2023
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
United States District Judge